IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES MASSEY,

    Plaintiff,

v.                                              Case No. 22-cv-00823 KG/GBW

CITY OF RUIDOSO DOWNS,

    Defendant.

## ORDER DENYING MOTION TO REMAND

This matter is before the Court on *pro se* Plaintiff Charles Massey's Motion to Remand (Doc. 6). The Court denies the Motion. Because the law on point is clear, the Court finds a response from Defendant City of Ruidoso Downs would not aid its adjudication of the Motion.

Mr. Massey first filed this action in the Twelfth Judicial District Court, County of Otero, State of New Mexico. (Doc. 1) Ex. A. The Complaint addresses Mr. Massey's termination of employment and alleges several violations of state law. *Id.* Additionally, Count V of the lawsuit—"Violations of the U.S. Constitution"—is brought pursuant to 42 U.S.C. § 1983 and claims violations of the First and Fourteenth Amendments. *Id.* at 6.

Relying on Count V, Ruidoso Downs removed the action to this Court based on federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1) at ¶ 5. Mr. Massey now moves for remand, arguing that the case arises only under state law and that "[a]lthough the plaintiff titled his 'Count V' as 'violation of the U.S. Constitution', the mere citation to 42 U.S.C. 1983 does not, in and of itself, create a unique cause of action, but rather the provision is merely an avenue for potential redress." (Doc. 6) at 1.

This is an incorrect statement of the law, on two fronts. First, § 1983 does create a cause of action. *E.g.*, *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) ("Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."). Second, a claim arising under § 1983, alleging violations of the First and Fourteenth Amendments, plainly arises under the Constitution and laws of the United States and thus constitutes a federal question for jurisdiction purposes. *See* 28 U.S.C § 1331(b). And though neither party has yet raised it, the Court determines that jurisdiction is also proper pursuant to 28 U.S.C. § 1343, which grants federal district courts jurisdiction over cases involving a deprivation of civil rights. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 544 n.7 (1972) ("[W]hen the § 1983 claim alleges constitutional violations, § [1343(a)(3)] provides [federal] jurisdiction and both sections are construed identically.").

So, without making any determination as to plausibility of any of the claims, the Court concludes that Mr. Massey's Complaint clearly invokes federal jurisdiction on its face and Ruidoso Downs is entitled to removal. For these reasons, the Motion to Remand is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE